IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| RACHEL LEIGH McHAFFIE, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 3:10-CV-103 (CDL) |
| WELLS FARGO BANK, N.A., JOHN STUMPF, HOWARD I. ATKINS, McCALLA RAYMER, LLC, TONYA NOLAN, and MELODY R. JONES, | * |
| Defendants. | * |

O R D E R

Defendant Tonya Nolan ("Nolan") has filed a motion for summary judgment. Plaintiff's claims against Nolan arise from her conduct as a clerk for the Walton County Magistrate Court during a dispossessory proceeding against Plaintiff in that court after the foreclosure and sale of Plaintiff's home. For the following reasons, Nolan's Motion for Summary Judgment (ECF No. 9) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment,

the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

## BACKGROUND

In support of her motion for summary judgment and as required by Local Rule 56, Nolan filed a statement of material facts to which she contends there is no genuine dispute. Def. Nolan's Mot. for Summ. J. [hereinafter Nolan's Mot. for Summ. J.] Attach. 2, Def. Nolan's Statement of Material Facts Upon Which There Exists No Genuine Issue to be Tried, ECF No. 9-2 [hereinafter Nolan's Statement of Material Facts]. She supported each statement of fact with a specific citation to the record. *See generally id.* Since Plaintiff is proceeding *pro se*, the Court informed Plaintiff of the importance of responding to Nolan's motion for summary judgment, including the statement of undisputed material facts, and warned Plaintiff of the consequences of failing to respond. Order Notifying Plaintiff of Right to Respond, ECF No. 10. Plaintiff did not heed the Court's notice and failed to respond to Nolan's motion and

statement of material facts. Therefore, pursuant to Local Rule 56, those facts are now deemed admitted. M.D. Ga. R. 56.

Although those facts are admitted, Nolan "continues to shoulder the initial burden of production in demonstrating the absence of any genuine [dispute] of material fact, and the court must satisfy itself that the burden has been satisfactorily discharged." *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008). The Court must review the movant's citations to the record to "determine if there is, indeed, no genuine [dispute] of material fact." *Id.* at 1269. Based on the Court's review of Nolan's statement of material facts and record citations, viewed in the light most favorable to Plaintiff, the facts for purposes of summary judgment are as follows.

Wells Fargo Bank, N.A. ("Wells Fargo"), also named as a Defendant in this action, filed a dispossessory action against Plaintiff in the Magistrate Court of Walton County, Georgia. Nolan's Mot. for Summ. J. Ex. A Pt. 5, Certified Copy of Magistrate Court File 89-90, Affidavit for Summons of Dispossessory & Petition for Writ of Possession, ECF No. 9-7. Wells Fargo claimed that Plaintiff was a tenant at sufferance because her home had previously been sold in a foreclosure sale. *Id.* In connection with the dispossessory action, Nolan—as clerk for the Walton County Magistrate Court—signed a notice and summons directed to Plaintiff, notifying her of the need to file

an answer to the dispossessory action within seven days of receipt of service. Nolan's Mot. for Summ. J. Ex. A Pt. 5, Certified Copy of Magistrate Court File 90-91, Notice and Summons, ECF No. 9-7 [hereinafter Notice and Summons]. The notice and summons form signed by Nolan also contained a writ of possession that was left blank and not signed by the magistrate judge or by Nolan. *Id.* at 91. Plaintiff filed an answer to the dispossessory action. Nolan's Mot. for Summ. J. Ex. A Pts. 1-5, Certified Copy of Magistrate Court File 4-88, Def. McHaffie's Answer to Writ of Possession, ECF Nos. 9-3, 9-4, 9-5, 9-6 & 9-7. The magistrate court set a hearing date for a bench trial and issued a notice of the hearing. Nolan's Mot. for Summ. J. Ex. A Pt. 1, Certified Copy of Magistrate Court File 3, Notice of Hearing, ECF No. 9-3. The magistrate judge executed a writ of possession against Plaintiff, commanding that full and quiet possession of the premises be delivered to Wells Fargo. Nolan's Mot. for Summ. J. Ex. A Pt. 1, Certified Copy of Magistrate Court File 2, Writ of Possession, ECF No. 9-3 [hereinafter Writ of Possession]. Plaintiff appealed to the Walton County Superior Court. Nolan's Mot. for Summ. J. Ex. A Pt. 1, Certified Copy of Magistrate Court File 1, Notice of Appeal, ECF No. 9-3.

After Wells Fargo initiated the dispossessory action, but before the magistrate judge signed the writ of possession,

4

Plaintiff filed this action in the Superior Court of Walton County, Georgia. Notice of Removal [hereinafter Notice of Removal] Ex. A Pts. 1-2, Superior Court Pleadings, Compl., ECF Nos. 1-1 & 1-2 [hereinafter Compl.]; Notice of Removal Ex. A Part 2 (Corrected), Superior Court Pleadings, Compl., ECF No. 1-6 [hereinafter Corrected Compl.].[1]  Nolan subsequently removed the action to this Court.  Notice of Removal.

## DISCUSSION

The Court notes at the outset that Plaintiff's Complaint is a typical "shotgun pleading."  It is difficult to decipher which claims are made against which Defendants.  Notwithstanding the obstacles posed by Plaintiff's deficient pleading, the Court has struggled to evaluate Plaintiff's claims for summary judgment purposes.  Before scrutinizing the merits of Plaintiff's claims, the Court preliminarily addresses its subject matter jurisdiction.

**I. Removal Jurisdiction**

Plaintiff alleges that removal was improper because Plaintiff did not consent to the removal by signing the notice of removal.  *See* Special Appearance By Pl. to Challenge

---

[1] The pleadings filed in superior court include a "corrected" second half of Plaintiff's Complaint, which is almost identical to the original Complaint, except that Plaintiff has crossed out some of her claims in the corrected Complaint and included additional exhibits. The Court will cite to the corrected version for claims asserted in the second half of the Complaint unless otherwise noted.

5

Jurisdiction of This Honorable Ct., ECF No. 16.  This argument is without merit.  The non-removing party's signature is not required on the notice of removal.  The procedures only require the signature of the attorney for the defendant filing the notice of removal.  *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure"); Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.").  Nolan's attorney properly signed the notice of removal.  *See* Notice of Removal 5.  Therefore, no procedural irregularities occurred regarding removal of this action to federal court.  Moreover, the Court is satisfied that some of Plaintiff's alleged claims arguably arise under federal law, and therefore, the Court has subject matter jurisdiction over this action.  *See* 28 U.S.C. § 1331; 28 U.S.C. § 1367(a).  Accordingly, the Court next addresses whether summary judgment is appropriate.

## II. Plaintiff's Constitutional Claims[2]

Plaintiff claims that service of the writ of possession on her violated her Fifth and Seventh Amendment Rights. Corrected Compl. 48 ¶ 52. These claims, along with several others asserted by Plaintiff, are based on the factual premise that Nolan executed a writ of possession commanding the sheriff's office to deliver full and quiet possession of Plaintiff's home to Wells Fargo. *See e.g.*, Compl. 4 (claiming "the Writ of Possession was not signed by a Magistrate Judge but by Clerk Walton County Magistrate Court."). This factual premise, however, is refuted by the evidence in the record. Nolan signed the notice and summons for the dispossessory action, advising Plaintiff of the need to file an answer within seven days of receipt of service. *See* Notice and Summons. The writ of possession that was included on the same form as the notice and summons was left blank and not signed by Nolan. *See id.* The writ of possession commanding the sheriff's office to deliver full and quiet possession of Plaintiff's home to Wells Fargo was executed by the magistrate judge and not by Nolan. *See* Writ of Possession. In fact, the writ of possession was not issued

---

[2] Plaintiff's claims are so factually deficient that the Court finds it more efficient to simply dispose of them based on an absence of a factual dispute rather than unnecessarily expand the scope of this Order to include an erudite (and lengthy) legal discussion as to whether Plaintiff has satisfied the elements of a claim that must be asserted pursuant to 42 U.S.C. § 1983 and whether Nolan would be entitled to qualified immunity as to any such claims.

7

until after this action was filed against Nolan. *See* Compl. (filed on November 12, 2010); Writ of Possession (executed by the Walton County Magistrate Judge on November 22, 2010). The only act attributable to Nolan is that she signed the notice and summons. It is therefore undisputed that Nolan did not execute or serve a writ of possession on Plaintiff. Accordingly, the undisputed facts do not support Plaintiff's claim against Nolan, and summary judgment is required as to Plaintiff's Fifth and Seventh Amendment claims.

**III. Plaintiff's Claim Under 18 U.S.C. § 3571**

Plaintiff makes a confusing claim that Nolan, as a county employee involved in allegedly unconstitutional actions, violated her oath of office, which oath somehow constitutes a quid pro quo contract. As stated by Plaintiff, "[i]f a person fails to abide by the terms of the Oath of Contract they are subject to the penalties and remedies for Br[e]ach of Contract under 18 U.S.C. § 3571 actionable at $250,000.00 per violation." Compl. 18 ¶ 6. Plaintiff's claim has no merit. Section 3571 clearly has no application here, and Nolan is entitled to summary judgment as to that claim.

**IV. Plaintiff's Claim Under 5 U.S.C. § 7311**

Plaintiff claims that "officers of the Court . . . embracing unconstitutional 'Writs of Possession' are advocating the overthrow of our constitutional form of

8

government; and are in violation of 5 U.S.C.[] § 7311." Corrected Compl. 47 ¶ 50. According to 5 U.S.C. § 7311, an individual that advocates the overthrow of our constitutional form of government cannot hold a position in the government of the United States. 5 U.S.C. § 7311(1). As demonstrated by the record, Nolan is a clerk with the Walton County Magistrate Court, does not hold a position with the United States Government, and therefore, cannot be in violation of 5 U.S.C. § 7311. Accordingly, Plaintiff's claim fails as a matter of law.

**V. Plaintiff's Fraud Claims**

Plaintiff contends that issuance of a writ of possession "fraudulently by a Clerk removing home owners from their homes constitute[s] fraud and involved Sheriffs and their deputies in a criminal activity in violation of Georgia Residential Mortgage Fraud Act, a RICO issue." Compl. 45-46 ¶ 46.[3] Plaintiff further claims that "the issuance of a 'Writ of Possession' based upon the filing of Security Deed without submitting original Note with wet ink signatures and title page into evidence constitutes 'Bad Faith' . . . , which is actual or constructive fraud."

---

[3] The Court notes that Plaintiff appears to have abandoned this claim by crossing it out in her "corrected" Complaint. See Corrected Compl. 45-46. The Court, in an abundance of caution, will address Plaintiff's argument because Plaintiff's Complaint alleges fraud multiple times based on the issuance of the writ of possession. See Compl. 4; Corrected Compl. 47 ¶ 49.

9

Corrected Compl. 47 ¶ 49. Plaintiff appears to be asserting claims under the Georgia Residential Mortgage Fraud Act, O.C.G.A. § 16-8-100 *et seq.* and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, based on Nolan's alleged issuance of a writ of possession. As previously explained, the writ of possession was issued by the magistrate judge and not by Nolan. Therefore, the undisputed facts simply do not support Plaintiff's legal theory even if it were found to be cognizable. Accordingly, Nolan is entitled to summary judgment on Plaintiff's fraud and RICO claims.

**VI. Plaintiff's Claims Against "Complicit Defendants"**

Finally, Plaintiff brings numerous allegations against Wells Fargo and "complicit defendants." Even if some type of theory of liability could be manufactured based upon alleged "complicity," the undisputed factual record discloses no evidence that Nolan was in any way "complicit" with Wells Fargo. The only act attributable to Nolan, as demonstrated by the undisputed evidence, was signing the notice and summons. Accordingly, Nolan is entitled to summary judgment on Plaintiff's "complicity" claims.

To the extent that Plaintiff asserts additional claims against Nolan based upon her signing the notice and summons, the Court finds that Plaintiff has failed to show how Nolan's actions give rise to any cognizable claim. Therefore, Nolan is

10

granted summary judgment as to all claims asserted against her by Plaintiff.

CONCLUSION

Based on the foregoing, Nolan's Motion for Summary Judgment (ECF No. 9) is granted.

IT IS SO ORDERED, this 2nd day of June, 2011.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE