IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| RACHEL LEIGH McHAFFIE, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 3:10-CV-103 (CDL) |
| WELLS FARGO BANK, N.A., | * |
| JOHN STUMPF, HOWARD I. ATKINS, | |
| McCALLA RAYMER, LLC, | * |
| TONYA NOLAN, and | |
| MELODY R. JONES, | * |
| Defendants. | * |

O R D E R

Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), John Stumpf ("Stumpf") and Howard I. Atkins ("Atkins") (collectively "Wells Fargo Defendants") have filed a motion to dismiss Plaintiff's Complaint for insufficient service of process (ECF No. 12). Although Defendants McCalla Raymer, LLC ("McCalla Raymer") and Melody R. Jones, Esq. ("Jones") (collectively "McCalla Raymer Defendants") have not raised insufficiency of service in their motion to dismiss (ECF No. 6), the record indicates that they also have not been served. For the following reasons, the Court grants the Wells Fargo Defendants' motion to dismiss for insufficiency of service of process, and the Court orders Plaintiff to show cause by June 16, 2011, for failing to properly serve the McCalla Raymer Defendants. This

Order serves as notice to Plaintiff that failure to show cause by June 16, 2011 may result in dismissal of the action against the McCalla Raymer Defendants without prejudice.

BACKGROUND

Plaintiff filed this action in the Superior Court of Walton County, Georgia, asserting numerous federal and state constitutional and statutory violations allegedly arising out of a dispossessory action following the foreclosure and sale of Plaintiff's home. After being served with process, another named Defendant in the action, Tonya Nolan ("Nolan"), filed a notice of removal with this Court. Notice of Removal, ECF No. 1.

The Wells Fargo Defendants subsequently filed the presently pending motion to dismiss, claiming that Plaintiff failed to effect service of process on them. *See* Mot. to Dismiss Pl.'s Compl. Attach. 2, Br. in Supp. of Mot. to Dismiss Pl.'s Compl. 5-7, ECF No. 12-2. The McCalla Raymer Defendants filed an answer with the Court and then filed the presently pending motion to dismiss. *See* Answer by McCalla Raymer, LLC and Melody R. Jones, Esq. to Pl.'s Compl., ECF No. 5 [hereinafter McCalla Raymer Defs.' Answer]; Mot. By McCalla Raymer, LLC and Melody R. Jones, Esq. to Dismiss Pl.'s Compl. for Failure to State a Claim Upon Which Relief Can Be Granted, ECF No. 6 [hereinafter McCalla Raymer Defs.' Mot. to Dismiss]. Although not asserted as

grounds for dismissal in the McCalla Raymer Defendants' motion to dismiss, the McCalla Raymer Defendants raised insufficiency of service of process as a defense to Plaintiff's Complaint in their answer. McCalla Raymer Defs.' Answer 2. Since the McCalla Raymer Defendants raised insufficient service as a defense in their answer—filed before their motion to dismiss, they have not waived that defense. *See Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008) ("Under [Federal Rule of Civil Procedure] 12, a defendant must raise any challenge to the sufficiency of service of process in the first response to the plaintiff's complaint; i.e., the defendant must include the defense in either its pre-answer motion to dismiss, or if no pre-answer motion is filed, then the defense must be included in the defendant's answer."). Moreover, the Court may raise insufficient service *sua sponte* when it appears from the record that service has not been accomplished within 120 days. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). The facts relating to service of process are as follows.

According to the certificate of service attached to Plaintiff's Complaint, Plaintiff served Stumpf and Atkins "via Certified Mail." Notice of Removal Ex. A Part 2 (Corrected), Superior Court Pleadings, Certificate of Service 1, ECF No. 1-6 [hereinafter Certificate of Service].[1] The certificate of service lists Wells Fargo, McCalla Raymer, and Jones as receiving service "via Sheriff's Service." *Id.* at 2-3. The certificate of service also includes a certified mail number listed under the address of Wells Fargo's registered agent and the addresses of McCalla Raymer and Jones. *Id.*

DISCUSSION

Although Plaintiff has not filed a motion to remand based on lack of subject matter jurisdiction, Plaintiff does maintain that removal of the action to this Court was improper. Therefore, to assure itself that it has subject matter jurisdiction, the Court will preliminarily address whether removal was proper. The Court will then address whether the Defendants have been properly served.

---

[1] The pleadings filed in superior court include a "corrected" second half of Plaintiff's Complaint, which is almost identical to the original Complaint, except that Plaintiff crossed out some of her claims in the corrected Complaint and included additional exhibits. *Compare* Notice of Removal Ex. A Part 2 (Corrected), Superior Court Pleadings, Compl., ECF No. 1-6 *with* Notice of Removal Ex. A Part 2, Superior Court Pleadings, Compl., ECF No. 1-2. The Complaint and Corrected Complaint both contain the same certificate of service. The Court will cite to the corrected version.

4

## I. Removal Jurisdiction

Plaintiff alleges that removal was improper because Plaintiff did not consent by signing the notice of removal. *See* Special Appearance to Challenge Jurisdiction of This Honorable Court, ECF No. 15; Special Appearance by Pl. to Challenge Jurisdiction of This Honorable Court, ECF No. 18. This argument is without merit. The non-removing party's signature is not required on the notice of removal. The procedures only require the signature of the attorney for the defendant filing the notice of removal. *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure"); Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."). Nolan's attorney properly signed the notice of removal. *See* Notice of Removal 5. Further, the Wells Fargo Defendants and the McCalla Raymer Defendants were not required to consent to removal because, as explained below, they have not been properly served in this action. *See Johnson v. Wellborn*, No. 10-12494, 2011 WL 914302, at *4 (11th Cir. Mar. 17, 2011) (per curiam) ("The

requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served."). Therefore, no procedural irregularities occurred regarding removal of this action to federal court. Moreover, the Court is satisfied that some of Plaintiff's alleged claims arguably arise under federal law, and therefore, the Court has subject matter jurisdiction over this action. 28 U.S.C. § 1331; 28 U.S.C. § 1367(a). Accordingly, the Court next addresses whether Defendants have been properly served.

**II. Insufficient Service of Process**

Plaintiff's allegedly defective service occurred while the case was still pending in the Superior Court of Walton County. Therefore, the Court must first "look to state law to ascertain whether service was properly made prior to removal[.]" *Freight Terminals, Inc. v. Ryder Sys.*, Inc., 461 F.2d 1046, 1052 (5th Cir. 1972).[2]

A. Service of Process Prior to Removal

Plaintiff apparently maintains that she served Defendants Wells Fargo and McCalla Raymer either through the sheriff or by certified mail. Notwithstanding these contentions, Plaintiff

---

[2] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

6

has produced no return of service from the sheriff demonstrating effective service; nor has she shown that she followed the statutory procedures for serving these Defendants by certified mail. *See* O.C.G.A. § 9-11-4(e)(1) (providing procedures for service on corporations); O.C.G.A. § 14-2-1510(b) (providing requirements for service by certified mail on foreign corporations authorized to transact business in Georgia); O.C.G.A. § 14-11-209(f) (providing requirements for service by certified mail on limited liability companies). Therefore, the Court finds that Wells Fargo and McCalla Raymer have not been properly served.

Plaintiff has also failed to demonstrate that she properly served Jones, Stumpf, or Atkins. Under Georgia law, service on an individual must be made by serving a "defendant personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process." O.C.G.A. § 9-11-4(e)(7). Although the certificate of service lists Jones as being served "via Sheriff's Service," the record fails to show that she received service by the sheriff's office. To the extent the certified mail number listed under Jones's address demonstrates service by certified mail, service of process by certified mail

is not a proper method for serving an individual in Georgia. *See id.* (providing requirements for service of process on individual defendant). Plaintiff's certificate of service demonstrates that Plaintiff sent Stumpf and Atkins service of process by certified mail, rather than complying with the requirements in O.C.G.A. § 9-11-4(e)(7) for service on an individual. Therefore, the Court concludes that, based on the present record, Plaintiff failed to perfect service on the individual Defendants according to Georgia law prior to removal.

    B.   <u>Service of Process After Removal</u>

Although the present record establishes that Plaintiff failed to serve Defendants properly prior to removal, the Court must still inquire into whether Plaintiff properly served the Defendants after removal. The federal removal statute allows a plaintiff to complete service after removal:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448. Accordingly, Plaintiff can still perfect valid service under federal law after removal, notwithstanding invalid attempts to serve the Defendants while the action was pending in state court.

8

The present record does not show that Plaintiff has even attempted service on the Defendants after the action was removed to federal court. Therefore, based upon the present record, the Court finds that attempted service prior to removal was ineffective, and that no service has been made subsequent to removal. Under federal law, "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

Plaintiff filed this action on November 12, 2010 and it was removed to this Court on December 17, 2010. More than 120 days have elapsed since this action was removed to this Court with no service having been made. Therefore, Plaintiff's Complaint may be dismissed as to the Defendants who have not been properly served, unless Plaintiff has established good cause for failing to serve them in a timely manner. Regarding the Wells Fargo Defendants, Plaintiff did not even bother to respond to their motion to dismiss which raised improper service as a basis for dismissal. Therefore, Plaintiff has failed to demonstrate good cause for her failure to serve the Wells Fargo Defendants.

Accordingly, the Court dismisses the Plaintiff's claims against the Wells Fargo Defendants without prejudice for failure to perfect service of process.

The Court has also found that Plaintiff failed to properly serve the McCalla Raymer Defendants. These Defendants, however, did not move to dismiss Plaintiff's Complaint for lack of service, and therefore, Plaintiff arguably has not had an opportunity to show good cause for failing to serve them. Before dismissing Plaintiff's Complaint on its own for failure to serve the McCalla Raymer Defendants, Rule 4(m) requires that the Court give notice to Plaintiff. *See* Fed. R. Civ. P. 4(m). Therefore, the Court orders Plaintiff to show cause by June 16, 2011 for her failure to serve the McCalla Raymer Defendants. This Order shall serve as notice to Plaintiff that failure to show cause for the lack of proper service may result in dismissal of this action against the McCalla Raymer Defendants without prejudice.

## CONCLUSION

For the foregoing reasons, the Court grants the Wells Fargo Defendants' Motion to Dismiss (ECF No. 12) for failure to properly effect service of process. The Court orders Plaintiff to show cause by June 16, 2011 for her failure to perfect service of process on the McCalla Raymer Defendants. This Order serves as notice to Plaintiff that failure to show cause for her

failure to serve the McCalla Raymer Defendants may result in the dismissal of the action against the McCalla Raymer Defendants without prejudice. The Court defers ruling on the McCalla Raymer Defendants' Motion to Dismiss (ECF No. 6).

IT IS SO ORDERED, this 2nd day of June, 2011.

S/Clay D. Land  
CLAY D. LAND  
UNITED STATES DISTRICT JUDGE