```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                         ATHENS DIVISION
```

RACHEL LEIGH McHAFFIE,            *

    Plaintiff,                   *

vs.                               *
                                          CASE NO. 3:10-CV-103 (CDL)
WELLS FARGO BANK N.A.,            *
JOHN STUMPF, HOWARD I. ATKINS,
McCALLA RAYMER LLC,               *
TONYA NOLAN, and MELODY R.
JONES,                            *

    Defendants.                 *

_____

## O R D E R

Presently pending before the Court is Plaintiff Rachel McHaffie's ("Plaintiff") Motion to Set Aside the Judgment previously entered by the Court in this action (ECF No. 25). For the following reasons, Plaintiff's motion is denied.

## DISCUSSION

Plaintiff claims the judgment should be set aside under Federal Rule of Civil Procedure 60(b)(4) because the judgment is void. Federal Rule of Civil Procedure 60(b) provides that the Court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an

>opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

Plaintiff argues the judgment is void because the Court lacks subject matter jurisdiction over the action. The Court, however, previously rejected Plaintiff's contention that the Court lacks subject matter jurisdiction over her claims. *See McHaffie v. Wells Fargo Bank, N.A.*, No. 3:10-CV-103 (CDL), 2011 WL 2173847, at *2 (M.D. Ga. June 6, 2011) [hereinafter Summ. J. Order]; *McHaffie v. Wells Fargo Bank, N.A.*, No. 3:10-CV-103 (CDL), 2011 WL 2174407, at *2 (M.D. Ga. June 6, 2011) [hereinafter Mot. to Dismiss Order]. Nothing in Plaintiff's motion alters the Court's previous conclusion, and thus the Court finds the judgment is not void for lack of subject matter jurisdiction.

Plaintiff further contends that the judgment is void because the Court does not have personal jurisdiction over her. Plaintiff claims that she is not an employee of the federal government or any of its state divisions or subdivisions. As employment with the federal government or its state divisions or subdivisions is not a requirement for the Court to have personal jurisdiction over Plaintiff, the Court concludes the judgment is

not void for this reason.  Plaintiff also appears to reassert her claim that the action was not removable because she did not consent to removal, but the Court has already determined that her consent was not required for removal.  *See* Summary Judgment Order, 2011 WL 2173847, at *2; Mot. to Dismiss Order, 2011 WL 2174407, at *2.  Therefore, the Court finds that the judgment is not void based on Plaintiff's failure to consent to removal.

Plaintiff also claims that Defendants committed fraud on the Court.  The Court construes this claim as an argument under Rule 60(b)(3).  Under Rule 60(b)(3), the Court may set aside the judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."  Fed. R. Civ. P. 60(b)(3).  In support of her argument, Plaintiff submitted proof of service of process on Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and McCalla Raymer LLC ("McCalla Raymer") by sheriff's service.  *See* Pl.'s Mot. to Set Aside Attach. 2 at 4, Sheriff's Entry of Service for McCalla Raymer LLC, ECF No. 25-2 at 4 of 5; Pl.'s Mot. to Set Aside Attach. 2 at 5, Sheriff's Entry of Service for Wells Fargo Bank, N.A., ECF No. 25-2 at 5 of 5.  The Court dismissed Plaintiff's claims against Wells Fargo, McCalla Raymer, John Stumpf, Howard Atkins, and Melody Jones because the record at the time of the Court's ruling failed to establish that they had been sufficiently served with process.  Mot. to Dismiss Order, 2011

WL 2174407, at *3. Although it now appears McCalla Raymer and Wells Fargo had in fact been served, "[o]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Stoecklin v. United States*, 285 F. App'x 737, 738 (11th Cir. 2008) (per curiam). Accordingly, "[l]ess egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court." *Id.* The Court, therefore, finds that Defendants' (particularly Wells Fargo) failure to disclose service by the sheriff's office is not sufficiently egregious to constitute fraud on the Court. Further, Plaintiff was required to file this proof of service with the Court. Fed. R. Civ. P. 4(l)(1); *see also White v. Ams. Servicing Co.*, No. 11-13101, 2012 WL 280723, at *1 (11th Cir. Feb. 1, 2012) (per curiam) ("The plaintiff must make proof of service to the court by submitting the server's affidavit."). Although Wells Fargo filed a motion to dismiss asserting insufficient service and the Court ordered Plaintiff to show cause for her failure to serve McCalla Raymer, Plaintiff failed to file the proof of service despite this notice and opportunity to do so. The Court concludes that the judgment should not be set aside based on the newly submitted proof of service for Wells Fargo and McCalla

4

Raymer because Plaintiff had ample opportunity to file the proof of service prior to the entry of the judgment.

Finally, the Court concludes that the judgment is not void for violating Plaintiff's constitutional right to due process.

CONCLUSION

Based on the foregoing, Plaintiff's Motion to Set Aside (ECF No. 25) is denied.

IT IS SO ORDERED, this 8th day of March, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE